THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KLOECKNER METALS CORPORATION, XL INSURANCE AMERICA, INC., AS SUBROGEE OF KLOECKNER METALS CORPORATION,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLIANCE WORKFORCE SOLUTIONS, LLC,<br><br>    Defendants. | CASE NO. _____ |

## COMPLAINT

COME NOW Plaintiffs, KLOECKNER METALS CORPORATION ("KLOECKNER") and XL INSURANCE AMERICA, INC. ("XL"), by and through undersigned counsel, and for their Complaint against Defendant, ALLIANCE WORKFORCE SOLUTIONS, LLC ("ALLIANCE"), hereby state as follows:

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1. This is an action within the jurisdiction of this Court as the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees,

pursuant to 28 U.S. Code Section 1332(a), and this action is between citizens of different states.

2. Plaintiff KLOECKNER is a Delaware corporation with its principal place of business in Georgia.

3. Plaintiff XL is a Delaware corporation with its principal place of business in Delaware.

4. Defendant ALLIANCE WORKFORCE, LLC is a Florida corporation domiciled in Pompano Beach, Florida, and registered to do business in Georgia.

5. Venue is proper in this Court pursuant to 28 U.S. Code Section 1391(a) as it is the judicial district consented to by ALLIANCE. (See Master Warehouse and Driver Temporary Staffing Agreement ("Agreement"), a copy of which is attached hereto as Exhibit 1, paragraph 8.9, incorporated herein by this reference.)

6. ALLIANCE entered into a Master Warehouse and Driver Temporary Staffing Agreement with Kloeckner ("Agreement"), a copy of which is attached hereto as Exhibit 1.

7. At all times relevant hereto, Plaintiff XL insured KLOECKNER. A copy of the Policy Declarations is attached hereto as Exhibit 2.

8. Pursuant to the Agreement, ALLIANCE provided warehouse workers to KLOECKNER, including Terrence Prince, who was provided to perform work at the KLOECKNER facility in Pompano Beach pursuant to the Agreement.

9. Pursuant to the Agreement, Terrence Prince was an employee of ALLIANCE, and ALLIANCE is liable for Terrence Prince's actions under the doctrine of respondeat superior.

10. On or about September 13, 2019, Terrence Prince was performing work in KLOECKNER'S Pompano Beach, Florida facility, which included the use of a forklift to move metal beams in the facility. Defendant Prince was acting within the course and scope of his employment.

11. On or about September 13, 2019, Terrence Prince operated a forklift in such a manner as to cause a metal beam located on top of a stack of metal beams to become dislodged and fall in between two stacks of beams, and to cause the stack of beams to eventually collapse.

12. On September 16, 2019, Sylvester Roulhac, who was an employee of ProDrivers, was killed after he was crushed by a stack of metal beams that collapsed on him while he was at the KLOECKNER facility in Pompano Beach.

13. Julie Roulhac, as Personal Representative of the Estate of Sylvester Roulhac, sued KLOECKNER and its employee, Joseph Watt in the Circuit Court

of 17th Judicial Circuit, Broward County, Florida, Case No. CACE-19-021276, which was removed to the United States District Court, Southern District of Florida, Fort Lauderdale Division, Case No. 0:19-cv-62960-RKA. A copy of the original complaint is attached as Exhibit 3.

14. Due to the events leading to the collapse of the metal beams resulting in Mr. Roulhac's death, which were caused by the negligence of Alliance's employee, Prince, Plaintiff Kloeckner paid a payment to The Estate of Sylvester Roulhac, through its counsel, Goldberg & Rosen, P.A., in the amount of $250,000.00, and Plaintiff XL paid an insurance settlement payment to The Estate of Sylvester Roulhac, through its counsel, Goldberg & Rosen, P.A., in the amount of $750,000.00. Copies of the checks paid to Goldberg & Rosen are attached hereto as Exhibit 4. Payment was made to Goldberg & Rosen on March 24, 2020. A copy of the signed receipt for payment is attached hereto as Exhibit 5.

15. In addition to the amount paid to Goldberg & Rosen, P.A., as further damage, KLOECKNER and XL incurred attorneys' fees and costs in the amount of $54,529.35 and have incurred additional attorneys' fees and costs in pursuit of this matter.

16. Plaintiff XL is subrogated to the rights of Kloeckner against Defendant Alliance in the amount of $804,529.35.

## COUNT I

## BREACH OF CONTRACT

17. Plaintiffs incorporate by this reference the allegations contained in paragraphs 1 through 16 above.

18. Paragraph 6.1 of the contract entered into by Defendant ALLIANCE and KLOECKNER provided that ALLIANCE would "defend, indemnify and hold harmless" KLOECKNER from "all causes of action, claims, damages, demands, liabilities, losses, suits, and proceedings of every type and character, including reasonable attorneys' fees and costs of litigation, that arises out of, result from, or relate to (a) any negligent or willful act or omission of the Staff provided by" ALLIANCE.

19. Paragraphs 7.3 and 8.5 of the Agreement further provided that the obligations would survive regardless of any termination of the Agreement.

20. Plaintiff KLOECKNER and its subrogee, XL, have incurred damages as alleged herein as a result of the actions of Terrence Prince as described herein.

21. ALLIANCE has a contractual duty to indemnify and hold Plaintiffs harmless for all damages, costs, and attorneys' fees incurred as a result of Terrence Prince's work as described herein.

22. KLOECKNER requested indemnification for the claims described herein from ALLIANCE; however, ALLIANCE has not agreed to abide by the terms of its contract.

23. As a result of ALLIANCE'S refusal to indemnify Plaintiff, ALLIANCE is in breach of its contract.

24. In addition to the requirement that ALLIANCE indemnify Plaintiff, paragraph 2.7 of the Master Agreement required ALLIANCE to cause KLOECKNER to be listed as an additional insured under its applicable general liability insurance policy.

25. ALLIANCE did not cause KLOECKNER to be listed as an additional insured under its policy of general liability insurance issued by Zurich North America, and is in breach of its contract with KLOECKNER.

26. As a result of ALLIANCE'S breach of its contractual duties as described herein, Plaintiff KLOECKNER and its subrogee, XL, have incurred, in addition to the payment for damages described herein, attorneys' fees and costs

in connection with the litigation, and attorneys' fees and costs in the pursuit of this matter.

27. Pursuant to paragraph 8.10 of the Agreement, Plaintiff is entitled to claim attorneys' fees and costs.

WHEREFORE, Plaintiffs demand judgment against Defendant in the amount of $1,054,529.35, plus attorneys' fees and costs according to proof, interest, and any other relief this Court deems just and proper.

## COUNT II

## CONTRACTUAL INDEMNITY

28. Plaintiffs incorporate by this reference the allegations contained in paragraphs 1 through 16 above.

29. The Master Agreement entered into between KLOECKNER and ALLIANCE required, *inter alia,* that ALLIANCE "defend, indemnify and hold harmless" KLOECKNER from "all causes of action, claims, damages, demands, liabilities, losses, suits, and proceedings of every type and character, including reasonable attorneys' fees and costs of litigation, that arise out of, result from, or relate to (a) any negligent or willful act or omission of the Staff provided by" ALLIANCE.

30. KLOECKNER was subject to the lawsuit and demands described above as the result of Terrence Prince's actions and negligence described herein, namely, his negligent operation of the forklift that dislodged a heavy metal beam, causing it to fall between two stacks of beams, resulting in the stack nearest the loading area where Sylvester Roulhac was working on the morning of September 16, 2019 becoming unstable and collapsing on to Mr. Roulhac, resulting in his death.

31. KLOECKNER and its subrogee, XL, paid funds to settle the claims against KLOECKNER and others, and incurred attorneys' fees as alleged herein in defending the claims.

32. Pursuant to the contractual indemnity provision, which survived the termination of the Master Agreement, KLOECKNER and its subrogee, XL, are owed indemnity from ALLIANCE pursuant to the contract.

WHEREFORE, Plaintiffs demand judgment against Defendant in the amount of $1,054,529.35, plus attorneys' fees and costs according to proof, interest, and any other relief this Court deems just and proper.

# COUNT III

# STATUTORY CONTRIBUTION PURSUANT TO GA. CODE ANN. SECTIONS 23-2-71 AND 51-12-32

33. Plaintiffs incorporate by this reference the allegations contained in paragraphs 1 through 16 above.

34. This count asserts a claim for statutory contribution pursuant to Georgia Code Ann. Sections 23-2-71 and 51-12-32.

35. KLOECKNER and XL, on behalf of Terrence Prince and ALLIANCE, who are joint tortfeasors, have incurred expenses in excess of KLOECKNER'S pro rata share of its common liability, and XL is subrogated to the right of contribution for the expenses incurred in excess of KLOECKNER'S pro rata share of the common liability.

36. As a result of Terrence Prince's negligence described herein, Defendant, Terrence Prince, and his employer, ALLIANCE, were joint tortfeasors from whom KLOECKNER and XL are entitled to recover contribution for all damages paid in excess of KLOECKNER'S share of any common liability.

37. Any negligence of KLOECKNER, or its employees, which is disputed, that may have caused or contributed to Sylvester Roulhac's death was

9

not the result of any intentional conduct on the part of KLOECKNER or its employees. KLOECKNER and its employees had no knowledge of the condition created by Mr. Prince in his operation of the forklift.

38. KLOECKNER and its insurer, XL, paid a reasonable settlement to Mr. Roulhac's widow, as the settlement amount, in the amount of $1,000,000.00 was intended to compensate Mrs. Roulhac, and Mr. Roulhac's surviving daughter, Cassidy, respectively, for the loss of Mrs. Roulhac's husband, and for the loss of Cassidy's father, respectively. The settlement agreement was reached in a mediation that lasted over four hours.

39. The release entered by Mrs. Roulhac and Cassidy Roulhac included ALLIANCE and Terrence Prince as releasees. A copy of the release is attached hereto as Exhibit 6.

40. The payments by KLOECKNER and XL extinguished the liability of ALLIANCE and Terrence Prince, and the common liability of all of them, for the wrongful death of Sylvester Roulhac.

41. KLOCEKNER and XL paid more than the pro rata share attributable to KLOECKNER and its employees in settlement of the common liability described herein.

42. This matter was filed within three years after the settlement was made, and before the expiration of the statute of limitations for a contribution action under Georgia Code Ann. Section 9-3-22.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, together with pre and post-judgment interest, attorneys' fees, costs and expenses and for such other and further relief deemed just and proper.

## COUNT IV

## EQUITABLE SUBROGATION

43. Plaintiffs incorporate by this reference the allegations contained in paragraphs 1 through 16 above.

44. The payments made, and expenses incurred, by KLOECKNER and XL were made and incurred in order to mitigate damages and to protect a right and interest of themselves.

45. KLOECKNER and XL did not make the payments referred to herein, or incur the expenses referred to herein, as volunteers.

46. Through incurring the subject payments and expenses, KLOECKNER and XL satisfied a debt that KLOECKNER and XL were not primarily liable for, but which was owed by ALLIANCE.

47. KLOECKNER and XL satisfied the entire debt on behalf of ALLIANCE.

48. Subrogation herein would not work any injustice to the rights of a third party.

49. Equity compels that KLOECKNER and XL be able to recover the debt paid on behalf of ALLIANCE from ALLIANCE.

WHEREFORE, Plaintiffs demand judgment against Defendant for damages, together with pre- and post-judgment interest, attorneys' fees, costs and expenses, and or such other and further relief deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand this matter be tried to a jury.

>DREW ECKL FARNHAM
>Attorneys for Plaintiffs
>303 Peachtree Street, N
>Suite 3500
>Atlanta, GA 30308
>Telephone:  404-885-1400
>Facsimile:  404-876-0992
>horowitza@deflaw.com
>
>*/s/ Andrew D. Horowitz*
>Andrew D. Horowitz
>Georgia Bar No. 367815

LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
Attorneys for Plaintiffs
Valerie R. Edwards
Florida Bar No. 104355
301 Yamato Road, Suite 4150
Boca Raton, FL 33431
Telephone:  (561) 893-9088
Facsimile:  (561) 893-9048
vedwards@insurancedefense.net

(Pending filing of motion for pro hac vice admission and order approving same)

12554471v1
05769-214269